Plaintiff - Jeff E. Ozzie, #329143, Columbia Correctional Inst., Tutson CCCI

Defendants - Tim Douma, Acting/Assistant Warden, Columbia Correctional Institution (CCI)
Janel Nickel, Security Director, Columbia Correctional Institution (CCI)
Captain Donald Morgan, Segregation Complex Manager, Columbia Correctional Inst. (CCI)
Sergeant (First Name Unknown) Schneder, Disciplinary Segregation Unit 2, 2nd Shift Supervisor, Columbia Correctional Institution (CCI)
(FNU) Tonebrusco, Health Services Manager, Columbia Correctional Institution (CCI)

This is a pro se 42 U.S.C. §1983 action, filed under the more liberal guidelines of Haines vs. Kerner 404 U.S. 519 (1972), in the U.S. District Court, Western District of Wisconsin.

This Court has jurisdiction, pursuant to Rule 8(a) F.R.C.P., under 28 U.S.C. §1331.

The claims alleged herein are:

1) Denial of access to the Courts - both Federal and State.
2) Violation of the Plaintiffs 8th Amend. U.S. Constitution, right to be free from "cruel & unusual punishment".
3) Failure to protect the Plaintiff from assault and injury.
4) Deliberate indifference to Plaintiffs serious, and life-threatening medical issues and injuries.

¶ 1 Fact: On 28 Mar 2011, The Plaintiff was in Segregation Status at CCI. And continues to be in Segregation Status at CCI.

¶ 2 Fact: At all Times/dates, the above named Defendants have been/are employed/contracted by, The State of Wisconsin Department of Corrections, working at CCI.

¶ 3 Fact: On 28 Mar 2011, The Plaintiff was physically attacked by another inmate, Thomas Russell #492191, a Third time, while the Plaintiff and Russell were in Cell 39, DS-2 Unit.

¶ 4 Fact: DS-2 Unit is a Segregation Unit, intended to keep inmates separated from other inmates, due to rules violations, violence, or other reasons.

¶ 5 Fact: On 27 Mar 2011, the Plaintiff informed Sgt. Schneder of the Two prior attacks on him made by I/M Russell, and that the Plaintiff feared another attack because I/M Russell was refusing his psychotropic medications, used to control the "voices" he hears, and his violent outbursts and random attacks.

¶ 6 Fact: I/M Russell had requested placement in Protective Custody, and was placed in my cell, on the floor, on 21 Mar 2011.

¶ 7 Fact: The Plaintiff had written to Captain Morgan about I/M Russells previous attacks on him, on 26 Mar 2011.

¶ 8 Fact: DOC Policy requires inmates to be separated when there is a report of an attack upon one by another.

¶ 9 Fact: The Plaintiffs reports - To Capt. Morgan and Sgt. Schneder were not properly responded to, according to DOC Policy. I/M Russell was not removed from the cell, leaving him to attack the Plaintiff again, as feared by the Plaintiff.

¶ 10 Fact: The Plaintiff, as a result of the attack/assault, received injuries to his arms, and his jaw, resulting in at least one broken tooth, causing extreme pain to the Plaintiff.

¶ 11 Fact: The Plaintiff was seen/"examined" by Nurse Ketarkos (FNU) on 28 Mar 2011, who stated "Yeah, that tooth needs to come out."

¶ 12 Fact: No pain relieving medications were provided, though the Plaintiff had requested Aspirin, as he does not use narcotic drugs, or Acetaminophen or Ibuprofen due to the damage those drugs cause to the liver and kidneys.

¶ 13 Fact: As of this date, 14 Apr 2011, the Plaintiff has not received any medical/dental treatment or care, despite numerous requests to Health Services Unit (HSU)

¶ 14 Fact: As of this date, 14 Apr 2011, The Plaintiff has not received any medication for the extreme pain resulting from the broken tooth.

¶ 15 Fact: The Plaintiff has been unable to eat, due to pain, since 9 Apr 2011, and has not been provided an alternate (liquid) diet, despite notifying HSU.

11 C 0282 -SLC

①

¶16 Fact: The Plaintiff has several ongoing legal actions in State Courts.

¶17 Fact: Complete compliance with Statutory filing requirements is required by the State Courts, including serving the opposing parties with copies of all documents filed with the Courts.

¶18 Fact: The Plaintiff, due to indigency, has, and is, unable to comply with the Statutory requirements.

¶19 Fact: The Plaintiff receives one (1) Indigent envelope, and two (2) pieces of paper per week, and nothing more.

¶20 Fact: The Plaintiff's requests for a "Legal Loan", to purchase paper, pen, and postage, have been denied, because he bought coffee 6 months ago in Oct 2010.

¶21 Fact: Failure to comply with Statutory requirements will result in a Default Judgment against the Plaintiff, on the appeals of his criminal convictions, depriving him of justice.

¶22 Fact: Sgt. Schneider is now denying that I informed him of the previous attacks or that I feared another.

¶23 Fact: Captain Donald Morgan and Janel Nickel and Tim Douma are actively aiding Sgt. Schneider's false claims and denials. They are not responding to my numerous requests regarding this issue.

¶24 Fact: The Plaintiff was given a Conduct Report on 13 Apr 2011, for "Lying" in regards to the conversation he had with Sgt. Schneider on 27 Mar 2011.

¶25 Fact: It is "self-serving" for Sgt. Schneider, Capt. Morgan, Janel Nickel, and Tim Douma to deny that an inmate reported to Staff fears of an attack, and was then subsequently attacked the next day, when they (Staff) failed/refused to follow DOC Policy.

¶26 Fact: The Plaintiff received a Conduct Report for "Fighting", after being forced to share a cell with an inmate who had already attacked him, and he had informed Staff, requesting the attacker to be moved.

¶27 Fact: Prisons are inherently dangerous places, as this Court has acknowledged. There have been numerous Battery's, Beatings, Fights, Stabbings, Sexual Assaults, and even Deaths at CCI in the past — and all Defendants are aware of this fact.

The Plaintiff requests relief, as follows:

1) Declaration that the acts/omissions described herein violated the Plaintiffs Constitutional rights.
2) Preliminary and Permanent injunctions directing the Defendants to
   A) Provide proper/reasonable Treatment for injuries suffered by Plaintiff.
   B) Dismiss the Conduct Reports written for "Fighting" and "Lying".
   C) Prohibit the Defendants from instigating/initiating in any manner, any retaliatory type actions against Plaintiff.
3) Compensatory damages in the amount of $250,000⁰⁰, for pain & injury, against each Defendant separately, and jointly.
4) Punitive damages in the amount of $750,000⁰⁰ against each Defendant separately, and jointly.
5) Plaintiffs costs in this action.
6) A jury trial on all issues triable by jury.
7) A preliminary injunction directing the Defendants to provide an immediate "Legal Loan" to the Plaintiff to cover future costs associated with this, and the other pending actions of the Plaintiff.
8) Appointment of counsel, as the Plaintiff is unable to contact any due to indigency.
9) Any other relief this Court may deem justifiable.

Signed under penalty of perjury, all facts herein are true and correct.

Respectfully Submitted, 14 Apr 2011

*[signature]* 286463

Jeffrey E. Olson  286463
Columbia Correctional Institution
P.O. Box 900, Portage WI 53901-0900

(2)