IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY E. OLSEN,

                                                           ORDER
                        Plaintiff,

                                                    11-cv-282-slc[1]
            v.

DONALD MORGAN and
SERGEANT SCHNIEDER ,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In an order entered on May 18, 2011, I granted plaintiff leave to proceed on his

claims that defendants Donald Morgan and Sergeant Schnieder violated his rights under the

Eighth Amendment by failing to protect him from a substantial threat of attack by another

inmate and that defendant Schnieder violated his rights under the First Amendment by filing

conduct reports against plaintiff in retaliation for plaintiff's complaints about Schnieder's

failure to protect him.  In addition, I stayed service of the complaint in order to allow

plaintiff an opportunity to supplement the complaint with respect to his claim that he was

denied medical treatment in violation of the Eighth Amendment.  Plaintiff's supplement was

--------------------

        [1]  For the purpose of issuing this order, I am assuming jurisdiction over the case.

                                            1

to be filed by May 24, 2011.

Now before the court is a letter from plaintiff in which he indicates that he was recently transferred to the Wisconsin Secure Program Facility and does not yet have access to his legal materials. Although plaintiff does not ask for an extension of time to file the supplement, in this instance I will send plaintiff another copy of the May 18 order and extend the deadline until June 9, 2011 for him to submit a supplement.

Two additional matters require comment. First, in plaintiff's letter he indicates that he believes his recent transfer to the Wisconsin Secure Program Facility was done in retaliation for his filing this lawsuit. It is this court's policy to require a plaintiff alleging retaliation for initiating a lawsuit to present the claim in a lawsuit separate from the one that is alleged to have provoked the retaliation. This is to avoid the complication of issues that can result from an accumulation of claims in one action and potential violations of Fed. R. Civ. P. 20. If plaintiff wants to raise a claim that prison officials are retaliating against him for filing this lawsuit, he will have to do so in a separate lawsuit after he exhausts his administrative remedies.

The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. If plaintiff were to make this showing, then I would ask defendants' counsel to look into the matter and report the circumstances to the court.

2

Second, at the end of plaintiff's letter, he asks that the court appoint an attorney to represent him in this lawsuit.  The Court of Appeals for the Seventh Circuit has held that before a district court can consider such motions, it must first find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts.  Jackson v. County of McLean, 953 F.2d 1070  (7th Cir. 1992).  To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he asked to represent him in this case and who turned him down.  Because plaintiff has not complied with that requirement, his request will be denied.


ORDER

IT IS ORDERED that plaintiff Jeffrey Olsen may have until June 9, 2011 in which to supplement his complaint with information about his claim that he was denied medical treatment in violation of the Eighth Amendment.  If, by June 9, 2011, plaintiff does not file a supplement to his complaint, the case will proceed solely on his claims against defendants Morgan and Schnieder.  In that case, the Department of Justice will have 40 days from June 9 to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants

Morgan and Schnieder.

Entered this 27th day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4