IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY E. OLSON,

                           Plaintiff,                               ORDER

     v.

                                                                       11-cv-282-slc

DONALD MORGAN, RANDY SCHNEIDER
and DR. LILLY TENEBRUSCO,

                         Defendants.

On April 27, 2012 defendants filed a motion to take the deposition of plaintiff Jeffrey Olson, who is currently incarcerated at the Waupun Correctional Institution. I granted defendants' motion in a text only order entered the same day. Now plaintiff has filed a response to the motion to take deposition in which he objects to having to appear for a deposition and requests that the court appoint counsel to represent him at his deposition. This motion will be denied.

Although plaintiff objects to not having been given a chance to respond to defendants' motion for leave to take his deposition, Fed. R. Civ. P. 30(a)(2)(B) requires defendants to seek the court's permission before noticing the deposition because plaintiff is confined in prison. If plaintiff were not incarcerated, defendants would be free to notice a deposition for plaintiff without seeking leave of the court. Further in his motion, plaintiff says that before seeking to depose him, defendants should have sought other avenues of discovery, such as interrogatories and requests for production of documents. There is no such requirement either in the Federal Rules of Civil Procedure or in this court's local rules. A deposition is only one means of gathering discovery and the parties may make tactical decisions about how they will gather their evidence to present it to the court. Plaintiff's objections are unfounded.

Turning to plaintiff's motion to appoint counsel for the deposition, although plaintiff does not express his reasons for making this request, plaintiff should be aware that he is free to

raise objections during the deposition if defendants ask questions that go beyond the scope of the present case, or that require plaintiff to reveal privileged information or that implicate plaintiff's Fifth Amendment right not to incriminate himself.

As for any question that plaintiff deems irrelevant, plaintiff may make an objection for the record, but then he still will have to answer the question. This would be true even if he had a lawyer. Plaintiff *can* refuse to answer questions that he genuinely require the disclosure of privileged information (such as a confidential attorney-client conversation) or that genuinely implicate his Fifth Amendment right not to incriminate himself. Plaintiff must have a good faith basis for making any claim of privilege. Plaintiff should be aware that if he asserts a Fifth Amendment privilege in this civil lawsuit, then it is possible that the jury could be told that he did this, depending on the circumstances.

Other than being aware of his right to keep genuinely privileged information confidential, all plaintiff needs to do is provide background information and tell his version of events in response to questions posed by defendants' lawyers. These are things that plaintiff is capable of doing without assistance from an attorney.

ORDER

IT IS ORDERED that plaintiff Jeffrey Olson's motion for appointment of counsel at his deposition, dkt. 82, is DENIED.

Entered this 4th day of May, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2